UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COLUMBIA RIVERKEEPER,<br><br>        Plaintiff,<br><br>  v.<br><br>PORT OF VANCOUVER USA,<br><br>        Defendant. | CASE NO. 3:21-cv-05486-BHS<br><br>ORDER |

This matter comes before the Court on Plaintiff Columbia Riverkeeper's Motion for Joinder of New Party, Dkt. 33, and non-party Metropolitan Stevedore Company's Motion to Intervene, Dkt. 37.

This is a citizen suit in which Columbia Riverkeeper asserts that Defendant Port of Vancouver violated the Clean Water Act ("CWA") in various ways, including failing to develop and implement a Stormwater Pollution Prevention Plan that includes appropriate best management practices, failing to properly collect and analyze discharge samples, and having illicit discharges, among other violations. *See generally* Dkt. 1. Columbia Riverkeeper seeks injunctive and declaratory relief, civil penalties, and fees and costs. *Id.* at 18–19.

In its Answer, the Port asserted an affirmative defense that Columbia Riverkeeper "failed, as required by [Fed. R. Civ. P.] 19(a)(1), to join parties in whose absence the Court cannot accord complete relief among existing parties." Dkt. 27, ¶ 56. Specifically, the Port asserts that it does not handle bulk copper at its facility and that it is instead handled by a tenant. Dkt. 33 (citing Dkt. 34 at 11–13). Columbia Riverkeeper therefore seeks to join that tenant—Metropolitan Stevedore Company—as a party. Dkt. 33. Metropolitan seeks to intervene to oppose Columbia Riverkeeper's motion.[1] Dkt. 37. Both Metropolitan and the Port oppose joinder, arguing that the Court lacks subject matter jurisdiction to grant Columbia Riverkeeper's motion because Columbia Riverkeeper failed to comply with the CWA's sixty-day notice requirement. Dkts. 35, 38. Columbia Riverkeeper argues that the Court can grant it advanced leave to amend its complaint and that it will not file its amended complaint until the sixty-day period expires.

Under the CWA, a plaintiff may not commence an action "prior to sixty days after the plaintiff has given notice of the alleged violation (i) to the Administrator, (ii) to the State in which the alleged violation occurs, and (iii) to any alleged violator of the standard, limitation, or order." 33 U.S.C. § 1365(b)(1)(A). The CWA's notice requirement is mandatory and jurisdictional. *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 998 (9th Cir. 2000) ("[T]he CWA's notice requirement is strictly construed and . . . compliance with the notice requirement is a prerequisite to a citizen enforcement

---

[1] Metropolitan's motion is unopposed, *see* Dkt. 40, and is therefore GRANTED.

action."). "If a party seeking to bring a citizen enforcement action has not complied with the CWA's notice requirement, then the district court in which that action is brought lacks subject matter jurisdiction and must dismiss the action." *Id.*

Columbia Riverkeeper concedes it filed its motion to amend prior to the expiration of the sixty-day notice period. Columbia Riverkeeper sent Metropolitan a notice of intent to sue on September 23, 2022, and filed its motion on October 3, 2022. Dkt. 33 at 5. That sixty-day period has expired while the motion has been pending before the Court. The remaining questions, then, are twofold. First, whether Columbia Riverkeeper's motion "commenced" the lawsuit against Metropolitan such that Columbia Riverkeeper failed to give proper notice under the CWA. And, if so, whether the subsequent passage of time can cure the notice defect.

Columbia Riverkeeper erroneously cites to one of this Court's cases to support its proposition that the suit does not "commence" until it files its amended complaint. Dkt. 39 at 4 (citing *Olympians for Pub. Accountability v. Port of Olympia*, No. 09-cv-5756 BHS, 2011 WL 62147 (W.D. Wash. Jan. 7, 2011)). In *Olympians*, the plaintiff amended its complaint after allegedly learning of additional CWA violations by the defendant. *Olympians*, 2011 WL 62147, at *1. The plaintiff issued a second notice of intent to sue and filed its amended complaint (as a matter of course) more than sixty days after that notice. *Id.* The defendant argued that the Court did not have jurisdiction to consider the plaintiff's new allegations because they were not alleged in the initial notice. *Id.* at *3. The Court held, correctly, that the action commenced when the plaintiff filed its amended complaint and that the second notice was therefore sufficient. *Id.* at *3–4.

In short, *Olympians* does not support Columbia Riverkeeper's argument that the action does not "commence" against Metropolitan until its motion to amend is granted and it ultimately files its amended complaint. The other cases Columbia Riverkeeper cites are similarly flawed. The only exception is an unreported case from this district, *Puget Soundkeeper All. v. Tacoma Metals, Inc.*, No. 07-cv-5227 RJB, 2008 WL 4455705 (W.D. Wash. Jan. 23, 2008). There, the court granted "advanced leave to amend the complaint so that [the] Plaintiff [could] add [a new defendant] once the sixty day Clean Water Act time limitation expire[d]." *Id.* In *Puget Soundkeeper*, the defendant did not raise the issue of timeliness. *See id.*, Dkt. 14.

Courts nearly universally agree that a motion to amend commences an action for the purposes of tolling the limitations period. *See, e.g.*, *Villanueva v. Liberty Acquisitions Servicing, LLC*, 215 F. Supp. 3d 1045, 1059 (D. Or. 2016); *see also Nett v. Bellucci*, 437 Mass. 630, 643–44 (Sept. 4, 2002) (collecting cases). It is not clear why the rule would or should be different for determining when a suit "commences" for purposes of a notice requirement. Otherwise, Columbia Riverkeeper, and other plaintiffs, could benefit from tolling the limitations period while escaping statutory notice requirements.

Moreover, while it is true that under Fed. R. Civ. P. 3 "[a] civil action is commenced by filing a complaint with the court," the same rule does not necessarily translate to filing a motion to amend and an amended complaint. For one, in this district, the plaintiff is required to file the amended complaint with the motion to amend.[2] W.D.

---

[2] This same rule means that it would be improper for Columbia Riverkeeper to file an amended complaint that "differ[s] from that provided" with his motion. *See* Dkt. 33 at 5.

ORDER - 4

Wash. LCR 15. Further, a motion for leave to amend to join a party, like the original complaint, names that party and brings them into the case for the first time.

Ruling otherwise would also contradict the purpose of the CWA's notice requirement:

> [T]he purpose of giving a sixty-day notice is to allow the parties time to resolve their conflicts in a nonadversarial time period. Once the suit is filed, positions harden and compromise is less likely. Second, the notice alerts the appropriate state or federal agency, so administrative action may initially provide the relief the parties seek before a court must become involved.

*Wash. Trout v. McCain Foods, Inc.*, 45 F.3d 1351, 1354 (9th Cir. 1995).

Columbia Riverkeeper's motion to amend "commenced" its suit against Metropolitan. Columbia Riverkeeper's notice was therefore defective; it did not satisfy the sixty-day jurisdictional requirement to sue Metropolitan. Further, while sixty days have now passed since Columbia Riverkeeper sent the notice of intent to sue to Metropolitan, the Court still lacks jurisdiction to grant Columbia Riverkeeper's motion. Columbia Riverkeeper did not satisfy a jurisdictional requirement that is meant to be strictly construed. *See Nat. Res. Def. Council*, 236 F.3d at 998.

Therefore, Metropolitan Stevedore Company's unopposed Motion to Intervene, Dkt. 37, is **GRANTED**, and Plaintiff Columbia Riverkeeper's Motion for Joinder of New Party, Dkt. 33, is **DENIED without prejudice**.

IT IS SO ORDERED.

//

//

//

Dated this 1st day of December, 2022.

*signature*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6