UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COLUMBIA RIVERKEEPER,

        Plaintiff,

  v.

PORT OF VANCOUVER USA,

        Defendant.

CASE NO. C21-5486 BHS

ORDER

This matter comes before the Court on Plaintiff Columbia Riverkeeper's Motion for Leave to Supplement Pleadings to Join New Party, Dkt. 57. Columbia Riverkeeper seeks to join Defendant Port of Vancouver's tenant, Intervenor Metropolitan Stevedore Company, as a defendant, alleging that they have engaged and continue to engage in Clean Water Act ("CWA") violations alongside the Port. The Court grants Columbia Riverkeeper's motion, concluding that Metropolitan is a proper party to this dispute and that supplementation would not prejudice any party.

## I. BACKGROUND

This is a citizen suit in which Columbia Riverkeeper asserts that the Port violated the CWA in several ways, including failing to develop and implement a Stormwater

ORDER - 1

Pollution Prevention Plan that includes appropriate best management practices, failing to properly collect and analyze discharge samples, and having illicit discharges, among other violations. *See generally* Dkt. 1. Columbia Riverkeeper seeks injunctive and declaratory relief, civil penalties, and fees and costs. *Id.* at 18–19.

In its Answer, the Port asserted an affirmative defense that Columbia Riverkeeper "failed, as required by [Federal Rule of Civil Procedure] 19(a)(1), to join parties in whose absence the Court cannot accord complete relief among existing parties." Dkt. 27, ¶ 56. Specifically, the Port asserts that it does not handle bulk copper at its facility and that it is instead handled by a tenant. Dkt. 33 (citing Dkt. 34 at 11–13). Columbia Riverkeeper therefore sought to join that tenant—Metropolitan Stevedore Company—as a party. Dkt. 33. Metropolitan sought to intervene to oppose Columbia Riverkeeper's motion. Dkt. 37.

The Court granted Metropolitan's unopposed motion to intervene and denied Columbia Riverkeeper's motion for joinder without prejudice, concluding that Columbia Riverkeeper had failed to comply with the CWA's sixty-day notice requirement because it sought to join Metropolitan as a party before the notice period expired. Dkt. 47.

Columbia Riverkeeper sent Metropolitan a new notice of its intent to sue, waited the required sixty days, and now again seeks to join them as a defendant in this action. Dkt. 57. Columbia Riverkeeper classifies its motion as one to supplement its pleadings and argues that joinder of Metropolitan is proper under Fed. R. Civ. P. 20(a)(2).[1]

---

[1] Columbia Riverkeeper acknowledges that the Port argued that Metropolitan is a necessary party who must be joined under Fed. R. Civ. P. 19. Dkt. 57 at 12. Columbia Riverkeeper disagrees that Metropolitan is a necessary party, but "does not oppose treating Metro as a necessary party for purposes of joinder." *Id.* at 12–13.

ORDER - 2

Metropolitan opposes joinder, arguing that it would be futile because Columbia Riverkeeper's claims are baseless, and that Columbia Riverkeeper moves to amend in bad faith because it refused to attempt to resolve its conflicts with Metropolitan outside of court. Dkt. 59.

## II.  DISCUSSION

Under Fed. R. Civ. P. 20(a)(2):

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Metropolitan does not dispute Columbia Riverkeeper's motion under the joinder standard and does not dispute that they are a proper party to this action. Columbia Riverkeeper asserts claims against Metropolitan and the Port "jointly, severally, separately, and/or alternatively," and there are overlapping questions of law regarding Columbia Riverkeeper's claims against the Port and Metropolitan. Permissive joinder is therefore proper.

The only remaining question is therefore whether amendment or supplementation under Fed. R. Civ. P. 15 is warranted.

In its discretion, a court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). "Rule 15(d) of the Federal Rules of Civil Procedure plainly

permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary." *Griffin v. Cnty. School Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964) (footnote omitted).

Columbia Riverkeeper filed its operative complaint on December 29, 2021. Dkt. 25. Metropolitan's lease at the Port began on January 1, 2022, and Washington Department of Ecology granted Metropolitan Industrial Stormwater General Permit ("ISGP") coverage effective December 30, 2021. Dkt. 57 at 7. Thus, any violations relating to Metropolitan's use of its leased land at the Port and any violations of its ISGP occurred after the date of the pleading to be supplemented. Columbia Riverkeeper's motion is therefore properly analyzed as a motion to supplement, rather than as a motion to amend, under Fed. R. Civ. P. 15(d).

Rule 15(d) "is a tool of judicial economy and convenience. Its use is therefore favored." *Keith*, 858 F.2d at 473. Such motions should be granted "unless undue prejudice to the opposing party will result." *LaSalvia v. United Dairymen of Az.*, 804 F.2d 1113, 1119 (9th Cir. 1986) (internal quotation omitted). Some courts also consider the so-called *Foman* factors—"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment"—when ruling on a motion to supplement. *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 236 F.R.D. 491, 496 (E.D. Cal. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

1  Metropolitan argues against supplementation for two reasons. First, it argues that
2  supplementation would be futile because Columbia Riverkeeper's claims, even if proven,
3  would not amount to CWA violations. Dkt. 59 at 5–8. Second, it argues that Columbia
4  Riverkeeper engaged in bad faith and against the spirit of the CWA by refusing to
5  attempt to resolve their dispute with Metropolitan before suing. *Id.* at 8–11.

6  As to futility, Columbia Riverkeeper argues that it has made good faith allegations
7  of ongoing violations, and that Metropolitan's assertion that it has not violated the CWA
8  is a disputed question of fact that does not render supplementation futile.[2] Dkt. 61 at 3–6.
9  The Court agrees with Columbia Riverkeeper. Metropolitan's repeated assertion that its
10 "exceedances are not violations" does not seem to account for all the claims Columbia
11 Riverkeeper makes against it. This is made clear, for example, by Metropolitan's
12 response to Columbia Riverkeeper's first notice letter in which it asserts that Columbia
13 Riverkeeper's other allegations are false. Dkt. 60-2 at 2–4. While Metropolitan could still
14 make this argument in a motion to dismiss or a motion for summary judgment, it is
15 insufficient to overcome the low bar for allowing supplemental pleadings.

16 As to bad faith, Columbia Riverkeeper argues that it behaved in good faith
17 because it complied with the notice requirements of the CWA, which is all that it is
18 required to do under the law prior to suing. *Id.* at 6–7. It also disputes Metropolitan's
19 assertion that it has refused to engage in settlement efforts. *Id.* at 7. The Court again

---

[2] Columbia Riverkeeper also moves to strike Metropolitan's memorandum from its engineering firm, Dkt. 60-2 at 5–61, as unsworn hearsay. Dkt. 61 at 5. The Court did not consider this memorandum in reaching its decision and Columbia Riverkeeper's motion to strike is therefore DENIED as moot.

agrees with Columbia Riverkeeper. There is insufficient information for the Court to conclude that Columbia Riverkeeper behaved in bad faith or failed to comply with its obligations under the CWA.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiff Columbia Riverkeeper's Motion for Leave to Supplement Pleadings to Join New Party, Dkt. 57, is **GRANTED**.

Dated this 7th day of April, 2023.

BENJAMIN H. SETTLE
United States District Judge